# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**WESTERN HERITAGE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                            Case No.  8:07-cv-79-T-30TGW

**JOHN EDWARDS, et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Western Heritage Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. #40), and Defendant John Edwards' Opposition to Western Heritage's Motion for Summary Judgment (Dkt. #44).[1]  The Court, having considered the motion, response, memoranda, exhibits, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted.

### Background

The declaratory judgment complaint before this Court concerns a single insurance coverage issue relating to whether a Youthful Driver Exclusion precludes coverage for Defendants 30th Avenue Motors, Inc. ("30th Avenue Motors"), Colin Parker ("Parker"), or

---

[1] On December 13, 2007, a Clerk's Entry of Default was entered as to Defendant Alexander Parlapiano (Dkt. #35).  *Pro se* Defendant Colin Parker has not filed a response to Plaintiff's Motion for Summary Judgment.

Alexander Parlapiano ("Parlapiano") in relation to damages arising from a lawsuit filed by John Edwards ("Edwards") in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida, Case No. 2006 CA 3624 DJVB (the "Underlying Lawsuit").

In the Underlying Lawsuit, Edwards seeks to recover against 30th Avenue Motors, Parlapiano, and Parker for his alleged injuries and damages incurred when he was struck by a 2001 Nissan driven by Parlapiano while walking across the street on June 21, 2006 (the "accident"). At the time of the accident, the 2001 Nissan was owned by Parker and/or 30th Avenue Motors. Parlapiano was driving the vehicle by himself at the time of the accident. Parlapiano was nineteen (19) years old at the time of the accident.

In the instant case, Plaintiff Western Heritage Insurance Company ("Plaintiff" or "Western Heritage") seeks a declaration from this Court finding that the insurance policy issued by Western Heritage to 30th Avenue Motors does not provide coverage, for defense or indemnity, to 30th Avenue Motors or Parker for the damages and claims sought by Edwards in the Underlying Lawsuit. Western Heritage issued Policy No. AGP 0597554 (the "Policy") to 30th Avenue Motors, effective April 1, 2006, through April 1, 2007. The Youthful Driver Exclusion - Dealers Only of the Garage Cover Master Endorsement of the Policy states, in pertinent part:

> We will not pay for "bodily injury," "property damage" or "loss" while anyone under the age of twenty-one (21) is operating a covered "auto" at any time. This exclusion does not apply to the persons named in the Schedule of

Youthful Drivers nor to a prospective purchaser while on a test drive accompanied by you or your employee.[2]

## Summary Judgment Standard

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

---

[2] Dkt. #40-11.

**Discussion**

The traffic report[3], answers to interrogatories[4], and requests for admissions[5] filed by Plaintiff in support of its Motion for summary judgment support Plaintiff's assertion that Parlapiano was under 21 years old and was not accompanied by an employee of 30th Avenue Motors at the time of the accident. Defendants have not offered evidence to contradict these findings.

Rather, Defendant Edwards argues that a question of fact is in dispute because Plaintiff has not offered a sworn statement by Caesar Herrera, a salesperson at 30th Avenue Motors. Apparently, Mr. Herrera was the salesperson on duty that day and may be aware of relevant information as to whether Parlapiano was driving by himself in the vehicle. There is no showing by Defendant, however, that Mr. Herrera's testimony would differ from any of the other uncontradicted responses provided by Parlapiano or Parker. Further, the traffic report indicates that there were no passengers in the car at the scene of the accident. Accordingly, the absence of an affidavit by Mr. Herrera does not create a factual dispute which would overcome summary judgment.

Defendant Edwards also argues that Plaintiff's motion for summary judgment should be denied because Plaintiff has not shown that the "Youthful Driver Exclusion" at issue has

---

[3] Dkt. #40-3, Florida Traffic Crash Report No. 74349290.

[4] Dkts. #40-6 and 9 (30th Avenue Motors and Edwards' Answers to Interrogatories by Plaintiff.)

[5] Dkts. #40-5, 7, and 8 (30th Avenue Motors and Edwards' Responses to Plaintiff's Request for Admissions.)

been approved by the Department of Financial Services pursuant to Fla. Stat. § 627.410. Defendant Edwards did not raise this defense in his Answer to Plaintiff's Complaint for Declaratory Judgment. Since this argument was never pled as a defense by Edwards, or any other defendant in this case, Plaintiff had no obligation (or notice that it would be necessary) to prove that the Youthful Driver Exclusion contained within the Policy has been approved by the Department of Financial Services. Furthermore, Defendant has not offered any evidence supporting an argument that the Youthful Driver Exclusion at issue has not been approved by the Florida Department of Financial Services. Accordingly, there does not appear to be a genuine issue of fact in dispute.

For these reasons, the Court concludes that the Youthful Driver Exclusion incorporated within the Policy is valid and enforceable. Under the Youthful Driver Exclusion, the Policy does not provide coverage for injuries or damages arising from the automobile accident at issue (since Parlapiano was under 21 years old and unaccompanied by an employee of 30th Avenue Motors). Thus, Plaintiff does not owe a duty to defend or indemnify Mr. Parker or 30th Avenue Motors in regard to Edwards' claims in the Underlying Lawsuit or any claims arising out of the subject accident.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Western Heritage Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. #40) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of Plaintiff and against Defendants.

3. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-.79. msj 40.wpd